IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AARON ROOT,

    PLAINTIFF,

                                                        CIVIL ACTION NO.:

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA
and NEW YORK LIFE GROUP BENEFIT SOLUTIONS,

    DEFENDANT.

## COMPLAINT

The Plaintiff, AARON ROOT, sues the Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and NEW YORK LIFE GROUP BENEFIT SOLUTIONS, ("NEW YORK LIFE") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3. Plaintiff is a resident of Middlesex County, Middletown, Connecticut.

4. Plaintiff was an employee of Waste Management.

5. Upon information and belief, LINA is an underwriting company and Plan Administrator.

6. Upon information and belief, NEW YORK LIFE acquired the CIGNA Group Insurance including the wholly owned subsidiary LINA in December 2020.

7. Upon information and belief, after the acquisition, NEW YORK LIFE administered Plaintiff's claims, reviewed all evidence on appeal, and made the final determination.

8. At all times material hereto, Defendant NEW YORK LIFE was a foreign corporation that does business in the State of Connecticut and was charged with making the final benefits determination at issue under the LTD Plan.

## STANDARD OF REVIEW

9. Waste Management funded its LTD Plan by purchasing a group policy of insurance with LINA.

10. NEW YORK LIFE made benefits determinations under the LTD Plan, including the final determination made on Plaintiff's claim.

11. The LTD Plan's terms do not grant discretionary authority to NEW YORK LIFE. Alternatively, the Plan Administrator did not properly delegate discretion to NEW YORK LIFE.

12. Upon information and belief, no other plan documents exist other than the LTD Plan.

13. There is no mention of any delegation of discretion to NEW YORK LIFE within the four corners of the LTD Plan.

14. Upon information and belief, NEW YORK LIFE was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review.

15. De novo review applies to this action.

## CAUSE OF ACTION

**(Violation of Section 29 U.S.C. §§ 1132 and 1133 Against Defendants, LINA and NEW YORK LIFE)**

16. At all times material hereto, Plaintiff is and/or was a participant in a Group Policy originally issued by LINA.

17. Upon information and belief, the LTD Plan was funded through a contract of insurance issued by LINA and assumed by NEW YORK LIFE after acquisition, who pay claims from their own general assets.

18. Upon information and belief, Defendants operated under a structural financial conflict of interest in that it assumed dual roles as the claim's administrator and payor of benefits.

19. The LTD Plan contains the following definition of disability:

"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. Unable to perform the material duties of his or her Regular Occupation; and
2. Unable to earn 80% or more of his or her Indexed Earnings from working I hir or Regular Occupation.

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and,
2. Unable to earn 80% or more of his or her Indexed Earnings.

20. Plaintiff stopped working for Waste Management on April 13, 2023.

21. By letter dated March 19, 2024, Defendant NEW YORK LIFE denied his claim, determining that he was not disabled.

22. On September 23, 2024, Plaintiff appealed and requested reconsideration of the March 19, 2024 determination.

23. NEW YORK LIFE affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated June 9, 2025. This denial formally exhausted Plaintiff's

administrative remedies, and NEW YORK LIFE informed Plaintiff that he had a right to bring a legal action under ERISA on or before June 9, 2028.

24. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if he meets the definition of Disabled.

25. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of April 14, 2023, and through the present.

26. Defendants since April 14, 2023 have failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

27. The decision denying the Plaintiff the rights and benefits due under the LTD Plan was wrong, arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith, and in violation of 29 U.S.C. §1132(a) et seq. The decision is not supported by substantial evidence and arises from an erroneous application of the LTD Plan and federal law.

28. Defendants failed to provide a full and fair review of the decision denying Plaintiff's claim for benefits as required under 29 U.S.C. §1133(2).

29. As a direct and proximate result of Defendants actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the LTD Plan.

30. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation for services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AARON ROOT, asks this Court to enter judgment against Defendants finding that:

(a)  Plaintiff met the definition of Disabled under the LTD Plan as of April 14, 2023, and through the present;

(b)  Plaintiff is entitled to Long Term disability benefits from April 14, 2023 through the present;

(c)   Ordering Defendants to pay Plaintiff all benefits due under the LTD Plan;

(d)   Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e)   Awarding the Plaintiff prejudgment interest to the date of judgment;

(f)   An award reasonable attorney's fees and costs incurred in this action is proper; and

(g)   Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

Respectfully Submitted,

*s/Hannalore B. Merritt*
HANNALORE B. MERRITT
Osterhout Berger Daley, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139
P: 412-794-8509
F: 412-794-8041
hmerritt@obd.law
*DATE: 10/30/2025*